```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                          AT CHARLESTON
```

UNITED STATES OF AMERICA

v.                                      CRIMINAL NO. 2:07-00152

GAVIN DEPAUL EDWARDS

## MEMORANDUM OPINION AND ORDER

In Charleston, on October 23, 2013, came the defendant, Gavin DePaul Edwards, in person and by counsel, Rhett H. Johnson, Assistant Federal Public Defender; came the United States by Monica D. Coleman, Assistant United States Attorney; and came United States Probation Officer Joseph Black, for a hearing on the petition to revoke the defendant's term of supervised release.

The court informed the defendant of the alleged violations contained in the petition to revoke the term of supervised release, filed on March 11, 2013, and the addendum, filed on March 18, 2013. The court advised the defendant that, pursuant to Rule 32.1(b) of the Federal Rules of Criminal Procedure, he has the right to a hearing and assistance of counsel before his term of supervised release could be revoked. Whereupon the defendant did not contest the charges contained in the petition and the addendum. Thereafter, the court found the charges were established by a preponderance of the evidence.

Having heard arguments of counsel, the court found that the Guideline imprisonment range for the revocation of supervised release upon such grounds was 8 to 14 months. The court further found that the Guideline ranges issued by the Sentencing Commission with respect to revocation of probation and supervised release are policy statements only and are not binding on the court. Thus, the court stated that the relevant statutory provision is 18 U.S.C. § 3583(e)(3), which provides a maximum term of imprisonment of three years. Neither party objected to the Guideline range and statutory penalty as determined by the court. The court found that there was sufficient information before the court on which to sentence defendant without updating the presentence investigation report.

After giving counsel for both parties and defendant[1] an opportunity to speak regarding the matter of disposition, the court **ORDERED**, pursuant to the Sentencing Reform Act of 1984, that the defendant's term of supervised release be revoked, and he is to be incarcerated for a term of fourteen (14) months. Upon release from imprisonment, defendant will serve a term of supervised release of twenty-four (24) months. While on supervised release, defendant shall not commit another federal, state or local crime, and shall be subject to the Standard

---

[1] Defense counsel tendered a letter from defendant's employer for the court's consideration. That letter is made a part of the record herein as Court Exhibit 1.

Conditions of Supervision adopted by the Southern District of West Virginia as well as all previously imposed conditions of supervision.

In considering the proper term of imprisonment to be imposed, the court considered the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)( C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), as well as the Chapter 7 policy statements and concluded that the sentence imposed is an appropriate sanction for the defendant's breach of trust, taking into account the nature and circumstances of the offense and the history and characteristics of the defendant. The court further concluded that the sentence imposed will provide adequate deterrence to criminal conduct and protect the public from further crimes of the defendant.[2]

---

[2] After sentence was pronounced, Edwards, through his attorney, objected on the ground that the court had improperly taken into consideration the factors under 18 U.S.C. § 3353(a)(2)(A) in arriving at the sentence imposed. Revocation of supervised release is governed by 18 U.S.C. § 3583(e) which provides in pertinent part:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time served on postrelease supervision, if the court . . . finds by a preponderance of the evidence that the defendant violated a condition of supervised release. . . .

The defendant was informed of his right to appeal the court's findings and the revocation of his supervised release. The defendant was further informed that in order to initiate such an appeal, a Notice of Appeal must be filed in this court within fourteen (14) days. The defendant was advised that if he wishes to appeal and cannot afford to hire counsel to represent him on appeal, the court will appoint counsel for him. The defendant was further advised that if he so requests, the Clerk of court will prepare and file a notice of appeal on his behalf.

The court found by clear and convincing evidence that the defendant does not pose a risk of flight or danger to the community and the defendant is permitted to self-report to the facility designated by the Bureau of Prisons. Accordingly, the

---

Because Section 3553(a)(2)(A) is not one of the sentencing factors listed in § 3583(e), Edwards contended that the court was prohibited from considering those factors which are: the need for the sentence imposed to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A).

The court, after considering defendant's argument, revisited its sentence and its explanation for the sentence imposed. Even without consideration of the § 3553(a)(2)(A) factors, the court determined that the sentence of 14 months was appropriate. In so finding, the court concluded that consideration of the enumerated factors under § 3553 that it must consider, including "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct," 18 U.S.C. § 3553(a)(2)(B); "the need for the sentence imposed . . . to protect the public from further crimes of the defendant," 18 U.S.C. § 3553(a)(2)(C); as well as consideration of the Chapter 7 policy statements justified the sentence imposed herein.

court allowed defendant to remain on bond. If the defendant does not receive a designation by Friday, November 22, 2013, the defendant shall report to the United States Marshals Service in Charleston, West Virginia, by 2:00 p.m. on that day.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia, and the Probation Department of this court.

**IT IS SO ORDERED** this 5th day of November, 2013.

ENTER:

*David A. Faber*

David A. Faber
Senior United States District Judge