```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. 2:07-00152

GAVIN DEPAUL EDWARDS

## MEMORANDUM OPINION AND ORDER

In Charleston, on March 22, 2016, came the defendant, Gavin DePaul Edwards, in person and by counsel, Brian D. Yost; came the United States by Monica D. Coleman, Assistant United States Attorney; and came United States Probation Officer Joseph Black, for a hearing on the petition to revoke the defendant's term of supervised release.

The court informed the defendant of the alleged violations contained in the petition to revoke the term of supervised release, filed on January 28, 2015. The court advised the defendant that, pursuant to Rule 32.1(b) of the Federal Rules of Criminal Procedure, he has the right to a hearing and assistance of counsel before his term of supervised release could be revoked. Whereupon the defendant admitted the charge contained in the petition. Thereafter, the court found the charges were established by a preponderance of the evidence.

Having heard arguments of counsel, the court found that the Guideline imprisonment range for the revocation of supervised release upon such grounds was 18 to 24 months. The court further

found that the Guideline ranges issued by the Sentencing Commission with respect to revocation of probation and supervised release are policy statements only and are not binding on the court.  Thus, the court stated that the relevant statutory provision is 18 U.S.C. § 3583(e)(3), which provides a maximum term of imprisonment of three years.  Neither party objected to the Guideline range and statutory penalty as determined by the court.  The court found that there was sufficient information before the court on which to sentence defendant without updating the presentence investigation report.

　　　　After giving counsel for both parties and defendant an opportunity to speak regarding the matter of disposition, the court **ORDERED**, pursuant to the Sentencing Reform Act of 1984, that the defendant's term of supervised release be revoked, and he is to be incarcerated for a term of twelve (12) months to run consecutive to the term of imprisonment imposed in Criminal Action No. 2:15CR226.  The court recommended that defendant be evaluated for his medical conditions and be incarcerated at a suitable facility to address those medical concerns.  Upon release from imprisonment, defendant will serve a term of supervised release of thirty-six (36) months to run concurrent to the term of supervised release imposed in Criminal Action No. 2:15CR226.  While on supervised release, defendant shall not commit another federal, state or local crime, and shall be

subject to the Standard Conditions of Supervision adopted by the Southern District of West Virginia as well as all previously imposed conditions of supervision.

In considering the proper term of imprisonment to be imposed, the court considered the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), as well as the Chapter 7 policy statements and concluded that the sentence imposed is an appropriate sanction for the defendant's breach of trust, taking into account the nature and circumstances of the offense and the history and characteristics of the defendant. The court further concluded that the sentence imposed will provide adequate deterrence to criminal conduct and protect the public from further crimes of the defendant.

The defendant was informed of his right to appeal the court's findings and the revocation of his supervised release. The defendant was further informed that in order to initiate such an appeal, a Notice of Appeal must be filed in this court within fourteen (14) days. The defendant was advised that if he wishes to appeal and cannot afford to hire counsel to represent him on appeal, the court will appoint counsel for him. The defendant was further advised that if he so requests, the Clerk of court will prepare and file a notice of appeal on his behalf.

The defendant was remanded to the custody of the United States Marshals Service.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia, and the Probation Department of this court.

**IT IS SO ORDERED** this 28th day of March, 2016.

ENTER:

David A. Faber
Senior United States District Judge